UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THOMAS M. ROLAND, III,

                Plaintiff,

                                      <u>DECISION AND ORDER</u>

                                      07-CV-6303L

        v.

DR. JOSEPH LIEBERGALL, Erie County
Forensic Mental Health Services,
and DR. BRIAN JOSEPH,

                Defendants.
_____

Plaintiff, Thomas M. Roland, III ("Roland"), acting *pro se,* commenced this civil rights action against two medical doctors, Joseph Liebergall and Brian Joseph, who allegedly treated Roland for a few months from June 2004 to October 2004 while Roland was confined to the Erie County Holding Center ("ECHC"). Plaintiff alleges a violation under the Eighth Amendment and asserts that the doctors acted with deliberate indifference to his medical needs. Specifically, he claims that he received a high dosage of medicine Seroquel for schizophrenia and that he was not advised that this medicine could cause liver or heart problems.

Defendants have moved for summary judgment. For the following reasons, that motion is granted and the complaint is dismissed with prejudice.

First of all, the action should be dismissed because Roland failed to file grievances as required by the Prison Litigation Reform Act. Second, concerning the defendant, LIEBERGALL,

it appears uncontested that LIEBERGALL was never properly served with the complaint in the action. He has now retired and the time within which to effect service has long since expired.

On the merits, this appears to be nothing more than a patient's possible disagreement with the course of treatment given him while confined, for a brief period of time, at the ECHC. Mere disagreement over proper treatment does not state a constitutional claim. Roland claims, in conclusory fashion, that the treatment he received at the ECHC was not to his liking, but this is not a medical malpractice action but is pleaded as a constitutional violation.

To establish an unconstitutional denial of medical care, the plaintiff must prove that the named defendants acted with deliberate indifference to his medical needs. *Estelle v. Gamble,* 429 U.S. 97, 104-105 (1976). There is a well established two-part test which incorporates both objective and subjective elements to determine whether an Eighth Amendment violation has occurred. Both elements must be present.

As to the first element, the alleged deprivation must be sufficiently serious and, with respect to the subjective component, the doctors must have acted with a culpable state of mind, that is, that they were deliberately indifferent to the serious medical needs of the inmate. Plaintiff has failed to demonstrate either prong of this well established test. The contact with both defendants was brief. In fact, Dr. Liebergall took no part in any determination about the medication provided for the plaintiff. In addition, it appears that the medication treatment for this plaintiff was not unlike the treatment he had received while confined with the New York State Department of Corrections. The medical records submitted on the motion show that Roland had contact with medical personnel and that his treatment and dosage were modified from time-to-time. In sum, there is no evidence

whatsoever here to establish a constitutional violation. There is no objective evidence to support indifference and there is no proof that the doctors who treated him acted with a subjective intent to harm plaintiff.

Plaintiff has also requested appointment of counsel. I deny that request. The Court must consider many factors in deciding whether to appoint counsel. The matters to be considered were established in *Hodge v. Police Officers,* 802 F.2d 58, 61-62 (2d Cir. 1986). One of the factors is whether the indigent plaintiff's position seems likely to be of substance. Having reviewed the matter here, I believe Roland's claim, as presented, lacks substance since he has failed to set forth any basis for an Eighth Amendment constitutional claim. Therefore, I decline to appoint counsel. *Ferrelli v. River Manor Health Care Center,* 323 F.3d 196, 203 (2d Cir. 2003). In addition the Court previously had appointed counsel for plaintiff, but that lawyer moved to withdraw and submitted an affidavit, now under seal, (Dkt. #34), indicating that in good conscience he could no longer represent the plaintiff because after review of the case, he found plaintiff's claims to be without merit.

## CONCLUSION

Defendants' motion for summary judgment (Dkt. #42) is granted and the complaint is dismissed.

Plaintiff's motion for appointment of counsel (Dkt. #50) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
August 11, 2010.